UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS STABB,

      Plaintiff,

v.                                    Case No.: 2:26-cv-00118-SPC-DNF

FLORIDA DEPARTMENT OF
CORRECTIONS,

      Defendant,

## OPINION AND ORDER

Before the Court is Plaintiff Thomas Stabb's Complaint (Doc. 1). Stabb is a prisoner of the Florida Department of Corrections (FDOC), he sues the FDOC for monetary damages under 42 U.S.C. § 1983, and he seeks to proceed in forma pauperis. The Court must review the complaint to determine if it is frivolous or malicious, seeks monetary damages from an official immune from such relief, or fails to state a claim. 28 U.S.C. § 1915(e)(2).

To state a § 1983 claim, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the

constitutional deprivation. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001).

Stabb sues the FDOC for not allowing him to smoke cigarettes. He seeks $600 million in damages and a lifetime supply of menthol 100s and lighters. But all appellate courts to consider the issue have held that prisoners have no constitutional or statutory right to smoke cigarettes. *See Beauchamp v. Sullivan*, 21 F.3d 789 (7th Cir. 1994); *Grass v. Sergent*, 903 F.2d 1206 (8th Cir. 1990); *Webber v. Crabtree*, 158 F.3d 460 (9th Cir. 1998); *Jackson v. Burns*, 89 F.3d 850 (10th Cir. 1996). In fact, Supreme Court precedent all but requires smoking restrictions in prisons because exposure to unreasonable levels of environmental tobacco smoke can be the basis of an Eighth Amendment claim. *Helling v. McKinney*, 509 U.S. 25, 35 (1993).

Because Stabb's suit asserts infringement of a right that does not exist, it is frivolous, and amendment would be futile. Accordingly, Stabb's Complaint (Doc. 1) is **DISMISSED with prejudice.** The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on January 26, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1